UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN A. BUNNELL, | ) | CASE NO. 5:10CR0288 |
| | ) | 5:13CV2337 |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #73). Petitioner contends that his counsel provided ineffective assistance, and that the Court violated his equal protection rights. The Government filed an Opposition to Petitioner's Motion (ECF#77). For the following reasons, the Court denies Petitioner's Petition.

## FACTS

On July 12, 2010, Petitioner was charged in a one count Information with Conspiracy to Commit Mail Fraud. Petitioner pled not guilty at his arraignment on July

1

28, 2010, and proceeded to trial on June 20, 2011. The Jury returned a guilty verdict on June 28, 2011. Petitioner was sentenced on November 15, 2011, to a prison term of sixty months followed by three years of Supervised Release. On November 21, 2011, Petitioner filed a Notice of Appeal. On November 29, 2012, the Sixth Circuit Court of Appeals issued its Opinion affirming the District Court's Judgment.

On October 22, 2013, Petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence, asserting three grounds for relief:

**GROUND ONE:** Denial effective assistance of counsel.

**GROUND TWO:** Denial effective assistance of counsel.

**GROUND THREE:** Violation of equal protection of the law by the court/due of law by the court.

## STANDARD OF REVIEW

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

**ANALYSIS**

Petitioner contends that he was denied effective assistance of counsel, first by the counsel appointed to him prior to his arraignment, and then by new counsel appointed after withdrawal of original counsel. To make an ineffective assistance of counsel claim, the petitioner must demonstrate both inadequate performance by counsel and prejudice resulting from that inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. Indeed, under the test set forth in *Strickland,* the defendant must establish deficient performance and prejudice:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

In this case, Petitioner's first attorney was from the Federal Defender's Office. Five days after arraignment, the attorney was made aware of a possible conflict with a defendant in a related case being represented by an attorney from the Federal Defender's Office. After counsel filed a Motion to Withdraw, the Court appointed new counsel the next day. Petitioner's trial with new counsel was nearly one year later. Petitioner has not provided any evidence of conflict, or any adverse effect from the representation provided

by the Federal Defender, and cannot show any denial of his rights.

Petitioner contends that the Federal Defender threatened him to waive Indictment and agree to be prosecuted by Information. The record does not support this assertion. At the arraignment, the Court specifically questioned Petitioner about waiving his right to have his case presented to a Grand Jury. Petitioner stated that he agreed and fully understood his rights. Additionally, Petitioner cannot show any prejudice by waiving an Indictment and proceeding by way of Information. Charges filed through Information or through Indictment are not evidence of guilt. The jury in this case was never instructed about the difference between an Information and an Indictment.

Petitioner also contends that the Federal Defender was ineffective for failing to file for discovery materials. This argument is without merit. Counsel withdrew from the case five days after arraignment. New counsel filed a Notice of Discovery on August 6, 2010, nearly one year before trial. Petitioner contends that the Federal Defender should have filed a Motion to Suppress. Again, since counsel withdrew and new counsel was immediately appointed, Petitioner cannot show any prejudice. The Court finds that Petitioner's first counsel was not deficient and Petitioner cannot show ineffective assistance based on unsupported assertions of conflict. Ground One is denied.

In Ground Two, Petitioner contends that his second counsel was ineffective for failing to file a Motion to Suppress the Search Warrant. This argument is without merit. "The Supreme Court has held that 'the failure to file a suppression motion does not constitute per se ineffective assistance of counsel.'" *Price v. United States*, No. 96-4135, 1998 U.S. App. LEXIS 9324, at *5-6 (6th Cir. May 4, 1998).

Petitioner does not contend that the affidavit supporting the Application for Search Warrant was in any way defective or that there was a lack of probable cause. The Fourth Amendment requires that "search warrants 'particularly describ[e] the place to be searched, and the . . . things to be seized.'" *United States v. Beals*, 698 F.3d 248, 264 (6th Cir. 2012) (citing *Maryland v. Garrison*, 480 U.S. 79, 84-85 (1987)). In this case, the warrant described the specific business records, and records related to Petitioner with sufficient particularity under the circumstances and the nature of the activity under investigation.

Petitioner also argues that counsel was ineffective for failing to move to suppress the Search Warrant because the materials to be seized dated back ten years and were beyond limitations to use as evidence. This argument is without merit. "The statute of limitations is a defense . . . not a rule of evidence. Therefore, . . . [it] has no bearing on the admissibility of evidence." *United States v. Ashdown*, 509 F.2d 793, 798 (5th Cir. 1975).

Petitioner alleges that counsel was ineffective during trial by mishandling witness testimony. Judicial scrutiny of counsel's performance, however, "must be highly deferential." *Strickland,* 466 U.S. at 689. A reviewing court must ensure that "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. The reviewing court is also required to recognize that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. In this case, the Court agrees with the Government that Petitioner has cited to no specific question or answer that established counsel was deficient or that Petitioner was prejudiced. Ground Two is without merit and denied.

In Ground Three, Petitioner contends that the Court failed to inquire into the alleged conflict between the Federal Defender's representation of Petitioner and the representation of a related defendant by another Federal Defender. The Sixth Circuit has held, "the trial court had no duty to inquire about a potential conflict of interest because it neither knew nor reasonably should have known that a particular conflict existed." *Cordell v. United States*, No. 04-4063, 2006 U.S. App. LEXIS 21887, at *12 (6th Cir. 2006) (citing *Mickens v. Taylor*, 535 U.S. 162, 168-69 (2002)). "Even in the more suspect contexts of multiple or joint representations, 'absent special circumstances, . . . trial courts may assume either that multiple representation entails no conflict or that the lawyer and his clients knowingly accept such risk of conflicts as may exist.'" *Moss v. United States*, 323 F.3d 445, 471 (6th Cir. 2003).

In this case, there was no duty to inquire because the Federal Defender filed a Motion to Withdraw five days after Petitioner's arraignment. The Court granted the Motion the following day and appointed new counsel. Nearly one year later, the case proceeded to trial with new counsel. The Court had no duty to inquire here, and Petitioner cannot show prejudice or denial of constitutional rights.

Petitioner contends that the Court violated his right to due process at sentencing in light of the Supreme Court decision in *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013)). Petitioner claims his sentence was enhanced by information that was not presented to the jury. The Government asserts that *Alleyne* is inapplicable because it does not apply to initial Section 2255 motions. *Alleyne* is a "new rule" for purposes of collateral attack and, therefore, does not apply even in an initial Section 2255 petition under *Teague v. Lane*. For a procedural rule not to be "new," it must have been "dictated" by prior

6

precedent. That is the test set forth by the Supreme Court in *Graham v. Collins*, 506 U.S. 461, 467 (1993), and *Beard v. Banks*, 542 U.S. 406, 413 (2004)*. See also United States v. Humphress*, 398 F.3d 855, 860 (6th Cir. 2005).

The Court agrees with the Government that this claim is unfounded. Petitioner was not sentenced based on facts that increased a minimum mandatory sentence, and In *Alleyne*, the Supreme Court held that "any fact that increases a minimum mandatory sentence must be treated as an element of a crime that must be submitted to a jury." *United States v. Young*, No. 06-20411-4, 2013 U.S. Dist. LEXIS 152750, at *2 (E.D. Mich. Oct. 24, 2013) (*citing Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013)). This violation carried no mandatory minimum. Therefore, this claim is without merit.

Petitioner also contends that the Court denied his right to counsel when an additional attorney attempted to appear on behalf of Petitioner, alongside his appointed counsel. The Court denied this additional counsel's appearance, and issued an Order that Petitioner had to choose between the appointed counsel or have new, retained counsel. The Court would not appoint additional counsel as Petitioner had no constitutional right to a second attorney in this matter. Petitioner notified the Court that he would keep his appointed counsel.

Petitioner had no right to choose his appointed counsel. "The choice of court-appointed counsel is for the court and not for the defendant.*" United States v. Davis*, 365 F.2d 254 (citing *United States ex rel. Mitchell v. Thompson*, 56 F. Supp. 683 (S.D.N.Y. 1944)). Petitioner cannot now claim that he was denied counsel of his choice. The record shows that the Court went further than required by permitting Petitioner to choose between the two attorneys. Ground Three is without merit and denied.

Petitioner has not demonstrated that his counsels' representation was objectively

7

unreasonable. This Court finds Petitioner has not met his burden under *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner has not shown a violation of equal protection of the law.

Therefore, for the foregoing reasons Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

> To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since the Court has determined Petitioner's claims in his Motion to Vacate are meritless, Petitioner has failed to make a substantial showing that he was denied any constitutional right. Therefore, the Court will not issue a certificate of appealability.

8

      IT IS SO ORDERED.


<u>December 3, 2013</u>               <u>s/Christopher A. Boyko</u>
Date                                CHRISTOPHER A. BOYKO
                                    United States District Judge